UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EARL NASH,

                Plaintiff,

v.                                                                                        9:10-CV-0305
                                                                                          (GTS/GHL)
MESSIMA, KONFER, and MCDERMOTT,

                Defendants.
_____

APPEARANCES:                                                                OF COUNSEL:

EARL NASH, 06-A-2508
Plaintiff *pro se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN                                    JAMES SEAMAN, ESQ.
Attorney General for the State of New York                   Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Plaintiff Earl Nash alleges that Defendants Messina, Konsul, and McDermott violated his Eighth Amendment rights by subjecting him to excessive force. (Dkt. No. 1.) Currently pending is Defendants' motion for summary judgment. (Dkt. No. 19.) Plaintiff

has not opposed the motion, despite having been advised of the consequences of failing to do so. (Dkt. No. 19 at 3.) For the reasons discussed below, I recommend that Defendants' motion be granted.

## I. LEGAL STANDARD GOVERNING UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating that genuine issues of material fact exist. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). Rather, a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008).

When a plaintiff fails to respond to a defendant's motion for summary judgment, "[t]he

---

[1] A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

fact that there has been no [such] response . . . does not . . . mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on the *undisputed* material facts, the law indeed warrants judgment for the defendants. *See Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Grp., Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001); N.D.N.Y. L.R. 7.1(b)(3).

Where a plaintiff has failed to properly respond to a defendant's Statement of Material Facts (its "Rule 7.1 Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true to the extent that (1) those facts are supported by the evidence in the record, and (2) the non-moving party, if he is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment. *See* N.D.N.Y. L.R. 7.1(a)(3); *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *Champion*, 76 F.3d at 486.

## II. ANALYSIS

Plaintiff claims that Defendants subjected him to excessive force. (Dkt. No. 1.) Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing this action. (Dkt. No. 19-19.) Defendants are correct.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust administrative remedies under the PLRA, inmates are required to complete the administrative review process in accordance with the rules applicable to the particular institution to which they are confined. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In New York state prisons, the Department of Corrections and Community Supervision ("DOCCS") has a well-established three-step inmate grievance program. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.7 (2010).

Generally, the DOCCS Inmate Grievance Program ("IGP") involves the following procedure for the filing of grievances. First, an inmate must file a complaint with the facility's IGP clerk within twenty-one calendar days of the alleged occurrence. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a) (2010). A representative of the facility's inmate grievance resolution committee ("IGRC") has sixteen calendar days from receipt of the grievance to informally resolve the issue. *Id.* at (b)(1). If there is no such informal resolution, then the full IGRC conducts a hearing within sixteen calendar days of receipt of the grievance, and issues a written decision within two working days of the conclusion of the hearing. *Id.* at (b)(2).

Second, a grievant may appeal the IGRC decision to the facility's superintendent within seven calendar days of receipt of the IGRC's written decision. If the grievance involves an institutional issue (as opposed to a DOCCS-wide policy issue), the superintendent must issue a written decision within twenty calendar days of receipt of the grievant's appeal. Grievances regarding DOCCS-wide policy issues are forwarded directly to the central office review committee ("CORC") for a decision under the process applicable to the third step. *Id.* at (c).

Third, a grievant may appeal to CORC within seven working days of receipt of the superintendent's written decision. CORC is to render a written decision within thirty calendar days of receipt of the appeal. *Id*. at (d).

An inmate may seek an extension of the time limits in writing at any of the steps, but such a request must be made within forty-five days of the incident being grieved or the decision being appealed. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g) (2010). If an inmate believes that an extension was wrongly denied, he may file a separate grievance protesting the denial. *Id*.

Any failure by the IGRC or the superintendent to timely respond to a grievance or first-level appeal, respectively, can be appealed to the next level, including CORC, to complete the grievance process. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g) (2010).

If a prisoner has failed to properly follow each of the applicable steps prior to commencing litigation, he has failed to exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81 (2006).

Here, the undisputed material facts, supported in the record, show that Plaintiff filed a grievance at the first step alleging that Defendants used excessive force on him. (Dkt. No. 19-18 ¶ 9.) The grievance proceeded to the second step and was denied by the superintendent's designee on October 5, 2009. *Id*. ¶ 12. CORC has no record of Plaintiff appealing the superintendent's decision to CORC. *Id*. ¶ 20. Thus, the undisputed facts show that Plaintiff failed to exhaust his administrative remedies.

Plaintiff's failure to exhaust, however, does not end the inquiry. The Second Circuit has held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available

administrative remedies. *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004).[2] First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner." *Hemphill*, 380 F.3d at 686 (citation omitted). Here, as discussed above, an appeal to CORC was available to Plaintiff.

Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* (citations omitted). Here, Defendants raised the affirmative defense of failure to exhaust administrative remedies in their answers. (Dkt. No. 12 ¶ 12; Dkt. No. 14 ¶ 12.) The undisputed facts show that none of the named Defendants inhibited Plaintiff from appealing to CORC because Plaintiff was transferred from Coxsackie Correctional Facility, where the incident occurred, to Greene Correctional Facility between the time that he filed his grievance at the first step and the time it was denied at the second step. (Dkt. No. 19-18 ¶ 11.)

Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id*. (citations and internal quotations omitted). Justification "must be determined by looking at the circumstances which might understandably

---

[2] The Second Circuit has not yet decided whether the *Hemphill* rule has survived the Supreme Court's decision in *Woodford*, 548 U.S. 81. *Chavis v. Goord*, No. 07-4787-pr, 2009 U.S. App. LEXIS 13681, at *4, 2009 WL 1803454, at *1 (2d Cir. June 25, 2009).

lead . . . uncounselled prisoners to fail to grieve in the normally required way." *Giano v. Good*, 380 F.3d 670, 678 (2d Cir. 2004). Here, the undisputed evidence shows that Plaintiff appealed grievances to CORC both before and after the August 18, 2009, use of force. (Dkt. No. 19-18 ¶ 21.) This indicates that Plaintiff understood how to appeal to CORC and that he did, in fact, do so on other occasions. Therefore, the records shows that no special circumstances caused Plaintiff to fail to grieve in the normally required way. Accordingly, I recommend that the Court grant Defendants' motion for summary judgment.

      B.      **Noncompliance with Court's Orders**

In the alternative, I find that this case is subject to dismissal due to Plaintiff's failure to comply with court orders. On March 24, 2010, the Court issued an Order that, *inter alia*, required Plaintiff to "**promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in [his] address; his failure to do so may result in the dismissal of this action**." (Dkt. No. 4 at 3) (emphasis in original).

Despite the clear language of the Court's order, when the Court attempted to mail its Notice of Electronic Filing to Plaintiff on February 17, 2011, the Notice was returned to the Court as undeliverable in an envelope bearing the notation, "Released." (Dkt. No. 21 at 1.) I note that it appears from the New York State Department of Corrections and Community Supervision's Inmate Locator Service that Plaintiff was released on parole on or about February 3, 2011. New York Dept. of Corr. & Cmty. Supervision, http://nysdocslookup.docs.state.ny.us (last visited July 11, 2011).

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it." Fed. R. Civ. P. 41(b).  Even in the absence of a motion, federal district courts have the inherent power to dismiss a case *sua sponte* pursuant to Rule 41(b).  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962).  The appropriateness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[3]

Here, Plaintiff has failed to prosecute his case for the last eight months.  Plaintiff has not filed any document with the Court since he filed his complaint on March 16, 2010.  (Dkt. No. 1). Plaintiff appeared for his deposition on September 21, 2010 (Dkt. No. 19-2), but does not appear to have participated in this action in any other way.  Significantly, as discussed above, he failed to oppose Defendants' motion for summary judgment.  Moreover, Plaintiff has not complied with this Court's rules or orders.  The term "these rules" in Rule 41(b) is construed to mean not only the Federal Rules of Civil Procedure but the local rules of practice for a district court.[4]

---

[3] *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

[4] *See, e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's Local Rule 10.1[b][2]); *In re Interbank Funding Corp.*, 310 B.R. 238, 254 (Bankr. S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rules); *see also Abdullah v. Acands, Inc.*, 30 F.3d 264, 269-70 (1st Cir. 1994) (affirming district court dismissal pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rule governing joinder); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.").

Local Rule 10.1(b) of the Local Rules of Practice for this Court expressly provides that "**All . . . pro se litigants must immediately notify the Court of any change of address**." N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original). The Court's Order of March 24, 2010, directed Plaintiff to promptly notify the Court if his address changed and warned him that his case might be dismissed if he failed to do so. (Dkt. No. 4 at 3.) Despite the local rule and the Court's order, Plaintiff did not notify the Court of his new address when he was paroled. In light of Plaintiff's failure to comply with court rules and orders and his failure to update his address so that the Court can communicate with him, I find that no less drastic sanctions are available. Therefore, I recommend that, in the alternative to granting Defendants' motion for summary judgment, the Court dismiss this action under Rule 41(b) without prejudice.

    **ACCORDINGLY**, it is

    **RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 19) be **GRANTED**; and it is further

    **RECOMMENDED** that, in the alternative, the Court dismiss the action *sua sponte* without prejudice pursuant to Rule 41(b).

    Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 11, 2011
      Syracuse, New York

*George H. Lowe*
George H. Lowe
United States Magistrate Judge