UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EARL NASH,

                             Plaintiff,

                                                                                         9:10-CV-0305
v.                                                                      (GTS/GHL)

MESSIMA, Correctional Officer, Coxsackie
Correctional Facility; KONFER, Correctional
Officer, Coxsackie Correctional Facility; and
McDERMOTT, Lt., Coxsackie Correctional Facility,

                             Defendants.
_____

APPEARANCES:

EARL NASH, 06-A-2508
  Plaintiff, *Pro Se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN                        JAMES SEAMON, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Earl Nash ("Plaintiff") against the three above-named individuals ("Defendants"), are the following: (1) Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 19); and (2) United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Defendants' motion be granted and that, in the alternative, Plaintiff's Complaint be dismissed for

failure to prosecute and obey a Court Order and/or the Court's Local Rules pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 22).  For the reasons set forth below, the Report-Recommendation is accepted and adopted; Defendants' motion is granted; and Plaintiff's Complaint is dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 56 and, in the alternative, pursuant to Fed. R. Civ. P. 41(b).

I.   RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on March 16, 2010.  (Dkt. No. 1.)  Construed with the utmost of liberality, Plaintiff's Complaint alleges that, while he was incarcerated at Coxsackie Correctional Facility in Coxsackie, New York, on August 18, 2009, Defendants subjected him to excessive force in violation of the Eighth Amendment.  (*See generally* Dkt. No. 1 [Plf.'s Compl.]).  Familiarity with the remaining factual allegations supporting this claim is assumed in this Decision and Order, which is intended primarily for the review of the parties.  (*Id.* at ¶ 6.)

On March 24, 2010, the Court issued an Order that, *inter alia*, required Plaintiff to "**promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in [his] address; his failure to do so may result in the dismissal of this action**."  (Dkt. No. 4 at 3) (emphasis in original).  This Order echoed Local Rule 10.1(c)(2) of the Local Rules of Practice for this Court, which expressly provides that "**All . . . pro se litigants must immediately notify the Court of any change of address**."  N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original).

On June 4, 2010, Defendants filed an Answer.  (Dkt. No. 12.)  On June 22, 2010, Defendants filed an Amended Answer in which they asserted a counterclaim "for assault and battery to defend and offset any liability the defendants may otherwise incur on plaintiff's main claims."  (Dkt. No. 14, at 3-4.)

On December 30, 2010, Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's Complaint based on his failure to exhaust his administrative remedies prior to commencing this action. (Dkt. No. 19.) Despite being specifically advised of the consequences for failing to do so (*see* Dkt. No. 19, at 1-3), Plaintiff did not submit a response to Defendants' motion (*see generally* Docket Sheet).

Indeed, on February 28, 2011, a Notice of Electronic Filing (sent by the Court to Plaintiff on February 17, 2011) was returned to the Court by Marcy Correctional Facility as undeliverable, with a notation on the envelope stating that Plaintiff had been "released" on February 3, 2011, and had "left no forward[ing] [address]." (Dkt. No. 21.) A review of the New York State Department of Correctional Services website reveals that Plaintiff was released to the New York State Division of Parole on February 3, 2011. *See* New York Dept. of Corr. & Cmty. Supervision's Inmate Lookup Service, http://nysdocslookup.docs.state.ny.us (last visited July 11, 2011).

On July 11, 2011, Magistrate Judge Lowe issued a Report-Recommendation recommending that (1) Defendants' motion for summary judgment be granted and Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 56 because the undisputed record evidence establishes that he failed to exhaust his administrative remedies before commencing this action, and that "no special circumstances caused Plaintiff to fail to grieve in the normally required way[,]" and (2) alternatively, Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) because has failed to (a) prosecute this action, and/or (b) comply with a Court Order and/or the Court's Local Rules requiring him to provide written notice to the Clerk's Office and all parties or their counsel of any change in his address. (Dkt. No. 22.)

Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.) Furthermore, no change of address has been filed by Plaintiff at any point since February 3, 2011. (*Id.*) The Court notes that, on July 15, 2011, Magistrate Judge Lowe's Report-Recommendation (sent by the Court to Plaintiff on July 11, 2011) was returned to the Court by Marcy Correctional Facility as undeliverable, with a notation on the envelope stating that Plaintiff had been "released" on February 3, 2011. (Dkt. No. 23.)

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1]

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept.

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Legal Standard Governing Unopposed Motions for Summary Judgment and Dismissals Pursuant to Fed. R. Civ. P. 41(b)

Magistrate Judge Lowe correctly recited the legal standard governing unopposed motions for summary judgment, as well as the legal standard governing a dismissal pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 22, at 2-3, 7-8.) As a result, these standards are incorporated by reference in this Decision and Order, which again is intended primarily for the review of the parties.

### III.  ANALYSIS

Because no party has filed an Objection to Magistrate Judge Lowe's Report-Recommendation and the time in which to do so has expired, the Court need review the Report-Recommendation for only clear error, pursuant to the standard or review recited above in Part

---

[2]   *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

II.A. of this Decision and Order. After doing so, the Court concludes that Magistrate Judge Lowe's Report-Recommendation is not clearly erroneous. Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. The Court would add only seven points.

First, Magistrate Judge Lowe's thorough and correct Report-Recommendation would survive even a *de novo* review.

Second, failures for less than six-and-a-half months in duration (the duration of Plaintiff's failure in this action) have been sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).

Third, not only was Plaintiff notified of the consequences of failing to update his address in the Court's Order of March 24, 2010, he was so notified through (1) Local Rules 10.1(c)(2) and 41.2(b) of the Local Rules of Practice for this Court, and (2) the Northern District's *Pro Se Handbook*. *See* N.D.N.Y. L.R. 10.1(c)(2), 41.2(b); U.S. District Court for the N.D.N.Y. *Pro Se Handbook*, at 43, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf [last visited Aug. 16, 2011]. Copies of these documents were on file at Plaintiff's correctional facility during the time in question.

Fourth, the prejudice posed to Defendants by Plaintiff's failure is exacerbated by the age of the case and the date of events giving rise to Plaintiff's claims (which events allegedly occurred some two years ago). Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred within, the New York State DOCS), and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25

6

("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

Fifth, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.

Sixth, and finally, because of the flagrant nature of Plaintiff's failure, and the lack of effectiveness that a dismissal without prejudice would likely have on curbing future such failures, the Court finds that the dismissal of his Complaint on this alternative ground should be with prejudice, not without prejudice.

Seven, the fact that Defendants filed a counterclaim for assault and battery in their Amended Answer does not preclude the Clerk of the Court from closing this action for two reasons. First, Defendants expressly conditioned their pursuit of their counterclaim on their incurring liability to Plaintiff on his claims. (Dkt. No. 14, at 3-4.) Indeed, Defendants requested relief on their counterclaim only as an "alternative" to their not obtaining the dismissal of Plaintiff's claims. (*Id*. at 4.) As a result, according to the Amended Answer itself, the dismissal of Plaintiff's claims moots the counterclaim. Second, this construction of Defendant's Amended Answer is further supported by the fact that Defendants requested, in their motion for summary judgment, that the "entire" case be dismissed. (*See*, *e.g.*, Dkt. No. 19, Attach. 19, at 5.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety with prejudice pursuant to Fed. R. Civ. P. 56 and, in the alternative, pursuant to Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that Defendants' counterclaims (Dkt. No. 14) asserted as an "alternative" to their not obtaining the dismissal of Plaintiff's claims are **DISMISSED** as moot.  The Clerk of the Court is directed to enter judgment in favor of the defendants and close this case.

Dated: August 30, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge